IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOLLY WINGATE, | : | |
| Plaintiff, | : : : | |
| v. | : : | Civil Action No. 19-1999-RGA |
| BARD INCORPORATED and BARD PERIPHERAL VASCULAR INCORPORATED, | : : : : | |
| Defendants. | : | |

## JOINT (PROPOSED) SCHEDULING ORDER

**BACKGROUND OF MDL LITIGATION.**

This case was part of a Multi-District Litigation proceeding styled *In re: Bard IVC Filter Litigation*, pending before Senior Judge David Campbell of the District of Arizona (the "MDL"). After four years, the completion of general issue/generic discovery, and conducting three bellwether trials, Judge Campbell ordered cases which have not settled or are not close to settling be transferred to the appropriate jurisdictions around the country for case-specific discovery, workup, and eventual trial. This case was remanded back to this Court on October 17, 2019 via the MDL Court's Suggestion of Remand and Transfer Order (Second) ("Second Remand Order"). The MDL Court's first Suggestion of Remand Transfer Order (the "Remand Order") contains a comprehensive description of the history of the MDL, the claims and defenses asserted by the parties, various case management orders ("CMO") entered in the MDL, the status of general common fact and expert discovery conducted in the MDL, summaries of the bellwether cases, and the Court's rulings on various matters common to all

cases. *See* Remand Order, attached as Exhibit A.

This 3rd day of March, 2020, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within twenty (20) days of the date of this Order. Plaintiff shall include a list of medical providers for the period of time from sevenyears before placement of the Bard filter to the present.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March 13, 2020.

3. <u>Discovery</u>.

    a. <u>Fact Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before December 4, 2020.

    b. <u>Expert Discovery Cut Off</u>. All Expert discovery in this case shall be initiated so that is will be completed on or before April 30, 2021.

    c. <u>Written Discovery.</u> In lieu of traditional written discovery parties agree to us the Plaintiff and Defendant Fact Sheets from the MDL proceedings in Arizona. Parties agree to narrow request 2(q) of the Plaintiff Fact Sheet to require that Plaintiff

2

produce social media postings or messages about the product she received from Bard (implant and explant), the injuries for which she seeks damages in this case, and any reference to Bard. The limitation is substantially similar to the limitation Judge Campbell issues in *Caldera v. C.R. Bard, Inc. et al.*, 2:19-cv-4266-DGC, Doc 8 (D. Ariz. Jane. 10, 2020).

    d.    Depositions.

        i.    Limitation on Hours for Deposition Discovery. Each side is limited to a total of 56 hours of taking testimony by deposition upon oral examination. No individual witness shall be deposed for more than 7 hours pursuant to Federal Rule 30(d)(1).

        ii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    e.    Disclosure of Expert Testimony.

Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 29, 2021. For the party who does not have the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before February 26,

2021. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before March 26, 2021. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than April 30, 2021.

    f.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    g.    Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a hearing. Unless otherwise ordered, by no later than forty- eight hours prior to the hearing, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the hearing, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4.  Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.  Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.  Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed

ACTIVE 49146119v1

5

under seal.

7.  Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before , May 28, 2021. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

8.  Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9.  Pretrial Conference. On October 1, 2021 , the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 8:30 (a.m.)/p.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

10. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition

shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

11.  Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The plaintiff should expect to submit to an email address to be designated each of the foregoing four documents in WordPerfect format.

12.  Trial. This matter is scheduled for a ~~twenty (20)~~ seven (7) day trial beginning at 9:30 a.m on October 18, 2021, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

13.  ADR Process. This case has been extensively evaluated for settlement by both side. At this time ADR will not be a productive measure. The Parties agree to continuously explore the possibility of settlement and to revisit potential ADR options if circumstance change.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE
3/3/20